2014R00592/JTE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 15- 158 |
| v. | 18 U.S.C. §1952(a)(3) and 2 |
| BRETT HALPER | |

INFORMATION

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

1. At all times relevant to this Information:

    a. The defendant, BRETT HALPER, was a medical doctor licensed to practice medicine in the State of New York.

    b. Biodiagnostic Laboratory Services, LLC ("BLS") was a clinical blood laboratory headquartered in Parsippany, New Jersey that, among other things, performed tests on the blood specimens of patients referred to BLS by doctors, and then billed payors and others for those tests and related services.

    c. Luke Chicco worked for BLS.

    d. David Nicoll was an owner and the President of BLS, and generally directed and supervised Luke Chicco's activities at BLS.

- 1 -

   e. The Medicare Program ("Medicare") was a federal program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. Medicare was a "Federal health care program" as defined in Title 42, United States Code, Section 1320a-7b(f) and a "health care benefit program" as defined in Title 18, United States Code, Section 24(b). Individuals who receive benefits under Medicare are commonly referred to as "beneficiaries."

   f. The Medicare Part B program was a federally funded supplemental insurance program that provided supplementary Medicare insurance benefits for individuals aged sixty-five or older, and certain individuals who are disabled. The Medicare Part B program paid for various medical services for beneficiaries, including blood tests and related services.

   g. BLS was an approved Medicare provider, and Medicare paid BLS for performing blood tests and related services on beneficiaries who were referred to BLS by physicians participating in Medicare.

   h. Private health insurance companies (hereafter, "Private Payors") were corporations in the business of providing health care insurance to individuals and entities under various insurance policies (the "insureds"), pursuant to which the Private Payors paid BLS for blood tests and related services performed for

insureds who had been referred to BLS by physicians participating in their provider networks.

    2. From at least in or about January 2011 until in or about April 2013, in Morris County, in the District of New Jersey, and elsewhere, defendant

### BRETT HALPER

knowingly and intentionally used and caused to be used the mail and any facility in interstate commerce with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, commercial bribery, contrary to N.J.S.A. §2C:21-10 and Title 18, United States Code, Section 1952(a)(3) and, thereafter, did perform and attempt to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, to include, as follows:

    a. Between in or about January 2011 and in or about April 2013, Luke Chicco and one or more other persons at BLS, acting at the direction of David Nicoll, paid defendant BRETT HALPER thousands of dollars per month – frequently more than $6,000 per month – in cash. In return, defendant BRETT HALPER referred patient blood specimens to BLS that BLS used to submit claims to Medicare and the Private Payors and collect approximately $2,900,000 from those payors.

      b.   The claims BLS submitted for blood testing and other services to Medicare and the Private Payors included charges for tests on blood specimens referred to BLS by defendant BRETT HALPER in return for bribe payments.

      c.   On or about January 15, 2013, Medicare paid BLS - by an electronic transfer of funds that originated outside of the State of New Jersey and was received by BLS inside the State of New Jersey - a sum of money for claims and related items submitted by BLS for blood testing on Medicare beneficiaries. A portion of the money paid by Medicare to BLS was for tests performed by BLS on blood specimens referred to BLS by or at the direction of defendant BRETT HALPER in return for bribe payments.

      d.   In or about February 2013, David Nicoll caused Luke Chicco to deliver at least $6,000 in cash to defendant BRETT HALPER to induce defendant BRETT HALPER to refer the blood specimens of patients to BLS for testing and related services.

      In violation of Title 18, United States Code, Section 1952(a)(3) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

1. As the result of committing the offense in violation of 18 U.S.C. § 1952(a)(3) alleged in this Information, which is an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), defendant BRETT HALPER shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of such offense, and all property traceable thereto, including, but not limited to, a sum of money representing the proceeds of such offense.

2. If any of the property described above, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to forfeiture of any other

property of the defendant, BRETT HALPER, up to the value of the forfeitable property.

*[signature: Paul J. Fishman]*

PAUL J. FISHMAN
UNITED STATES ATTORNEY

CASE NUMBER: _____

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

BRETT HALPER

INFORMATION

18 U.S.C. § 1952(a)(3) and 2

PAUL J. FISHMAN
U.S. ATTORNEY NEWARK, NEW JERSEY

JOSEPH N. MINISH
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973.645.2700